United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIC WALLACE,
Plaintiff,

v.

K. WILEY, et al.,
Defendants.

Case No. 26-cv-05531-LJC

**ORDER OF SERVICE**

Plaintiff, a prisoner at the Correctional Training Facility (CTF) in Soledad, California, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff seeks damages and appointment of counsel. Plaintiff has filed a motion for leave to proceed *in forma pauperis*, which is granted in a separate order. Service of the complaint on defendants is ordered.

**DISCUSSION**

**I. Standard of Review**

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

## II. Plaintiff's Allegations

The complaint names as defendants the following CTF correctional officials: facility captain K. Wiley, facility associate warden M. Deverick, and correctional officers E. Vasquez and A. Forouzadeh. Plaintiff alleges that defendants deliberately subjected him to cruel and unusual punishment in violation of the Eighth Amendment by housing him in a cell with multiple missing window panels that exposed him to inclement weather and extreme cold.

He alleges as follows: Deverick, despite knowing that many cells at CTF had multiple missing window panels, authored a memorandum dated August 27, 2025, prohibiting window obstructions and informing prisoners that any obstructions would result in Rules Violation Reports (RVRs). Deverick failed to submit work order requests to fix the windows. Wiley, despite knowledge of the missing panels, instructed her subordinates to threaten issuance and/or issue RVRs if plaintiff or others did not remove the window coverings they had put up to protect themselves from extreme cold. Vasquez and Forouzadeh knew of the missing window panels, but failed to submit work order requests to have them fixed.

In October of 2025, officials began aggressively enforcing the memorandum. Forouzadeh and Wiley directed plaintiff to remove the window covers that he had put up in his cell. They issued dozens of RVRs to other incarcerated persons with window coverings. Vasquez threatened to issue plaintiff an RVR. Plaintiff removed his window coverings out of fear of receiving an RVR. He experienced inclement weather and extreme cold temperatures, from 30 to 34 degrees, from October 2025 through January 2026. The cold aggravated his allergies, and insects entered his cell through the open windows. It was only after plaintiff submitted a grievance appeal in

January 2026, Log No. 862564, alleging deliberate indifference, that prison officials finally came and replaced his missing window panels.

Liberally construed, the allegation that defendants Wiley, Deverick, Vasquez, and Forouzadeh knew that plaintiff was being exposed to harsh weather because his cell was missing multiple window panels and did nothing to address the issue states a cognizable claim for violation of the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official liable under Eighth Amendment for denying an inmate humane conditions of confinement where official knows of and disregards an excessive risk to inmate safety); *see also Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (allegation that prisoner was forced to sleep in cell with near freezing temperature states cognizable Eighth Amendment claim).

**III. Request for Appointment of Counsel**

Plaintiff's request for appointment of counsel is denied at this time. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Svcs.*, 452 U.S. 18, 25 (1981). A court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointing counsel is within the court's discretion and is granted only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (referring to 28 U.S.C. § 1915(d), which was subsequently renumbered to 28 U.S.C. § 1915(e)(1)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id*.

Plaintiff has not demonstrated exceptional circumstances. At this early stage in the case, the likelihood of the plaintiff's success on the merits is unclear. Thus far, plaintiff has ably articulated his claims *pro se*. The legal issues involved do not seem complex. The request for appointment of counsel is denied without prejudice to the Court *sua sponte* appointing counsel in the future should the circumstances so require.

United States District Court
Northern District of California

**CONCLUSION**

Based on the foregoing, the court orders as follows:

1. The court orders that the following defendants at CTF be served electronically:

   a. Facility captain K. Wiley
   b. Facility associate warden M. Deverick
   c. Correctional officer E. Vasquez
   d. Correctional officer A. Forouzadeh

Service on the listed defendants will be affected via the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, a CDCR Report of E-Service Waiver form, a summons, and the notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form. The clerk is also requested to serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR will provide the court a completed CDCR Report of E-Service Waiver advising the court whether the defendants listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) or whether the defendants decline to waive service or could not be reached. CDCR also will provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, will file with the court a waiver of service of process for the defendants if they are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk is requested to prepare for the defendants, if they have not waived service according to the CDCR Report of E-Service Waiver, a USM-285 Form. The clerk will provide to the USMS the completed USM-285 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk will also provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

United States District Court
Northern District of California

requires defendants to cooperate in saving unnecessary costs of service of the summons and complaint. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), defendants will not be required to serve and file an answer before sixty (60) days from the date on which the CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office. (This allows a longer time to respond than would be required if formal service of summons is necessary.) If defendants have not waived service and have instead been served by the USMS, then defendants shall serve and file an answer within twenty-one (21) days after being served with the summons and complaint.

3. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. If the defendants intend to file a motion for summary judgment or other dispositive motion, they must do so no later than **60 days** from the date their answer is due. If the defendants file a motion for summary judgment, it shall be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, defendants may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to exhaust is not clear on the face of the complaint, defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to plaintiff shows a failure to exhaust, defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge, rather than a jury, should determine the facts in a preliminary proceeding. *Id.* at 1168.

If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **28 days** after the date on which defendants' motion is filed.

c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is supported properly by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available

administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents— documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

d. Defendants shall file a reply brief no later than **14 days** after the date plaintiff's opposition is filed.

e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to defendants to depose plaintiff and any other necessary incarcerated witnesses.

5. All communications by plaintiff with the Court must be served on defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

6. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new

address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: July 16, 2026

LISA J. CISNEROS
United States Magistrate Judge